UNITED STATES DISTRICT COURT RECEIVED
DISTRICT OF NEW JERSEY

JAN 23 2015

AT 8:30_____M
WILLIAM T. WALSH CLERK

BRYAN BEGEOT,

       Plaintiff,

       v.

CORRECTION MEDICAL SERVICES, et al.,

       Defendants.

Civ. No. 14-720 (FLW)

**MEMORANDUM AND ORDER**

Plaintiff is proceeding, *in forma pauperis* ("IFP"), with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Based on his affidavit of indigence, the Court grants Plaintiff's application to proceed IFP pursuant to 28 U.S.C. § 1915(a) and (b). At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. Having completed this screening,

**IT IS** on this 23rd day of ___January___, 2015,

**ORDERED** that, pursuant to 28 U.S.C. § 1915(a) and (b), the application submitted by Plaintiff to proceed IFP is hereby **GRANTED**; it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b), the Clerk shall serve a copy of this Order by regular mail on the Attorney General for the State of New Jersey and on the

1

Administrator at Middlesex County Adult Correction Center, where Plaintiff is presently confined; it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 which shall be deducted from Plaintiff's prison account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below, regardless of the outcome of the litigation, in the event Plaintiff is still confined and has not been released from prison; it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 fee is paid, each month that the amount in Plaintiff's prison account exceeds $10.00, the agency having custody of Plaintiff, to the extent that Plaintiff is still confined, shall assess, deduct from his account, and forward to the Clerk payments equal to 20% of the preceding month's income credited to Plaintiff's prison account, with each payment referencing the civil docket number of this action; it is further

ORDERED that Plaintiff's entire complaint is permitted to proceed past 28 U.S.C. § 1915 screening; it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve summons, the Complaint and this Order upon Defendants, with all costs of service advanced by the United States[1]; it is further

ORDERED that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants shall file and serve an answer, *see* Fed. R. Civ. P. 12(a)(1)(A); it is further

---

[1]    Alternatively, the U.S. Marshal may notify defendants that an action has been commenced and request that the defendants waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendants, Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service.[2]

Freda L. Wolfson, U.S.D.J.

---

[2] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.

3